

# FILED

**NOT FOR PUBLICATION**

JAN 05 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

WRITERS GUILD OF AMERICA,
WEST, INC.,

          Plaintiff-Appellant,

 and

MARK DISTEFANO and GUINEVERE
TURNER,

          Plaintiffs,

 v.

BTG PRODUCTIONS, LLC,

          Defendant,

  v.

MYRIAD PICTURES, INC.,

          Third-party-defendant-
          Appellee.

No.   16-55332

D.C. No.
2:14-cv-05828-RSWL-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Ronald S.W. Lew, District Judge, Presiding

Submitted November 9, 2017[**]
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and DANIEL,[***] District Judge.

Writers Guild of America, West, Inc. ("Writers Guild") appeals the district court's order denying its motion to amend a judgment against BTG Productions LLC ("BTG"). Writers Guild sought to add Myriad Pictures ("Myriad") as a judgment debtor on the grounds that Myriad was the alter ego of BTG. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand to the district court.

1. The dispute involves a collective bargaining agreement. Accordingly, the federal rather than the state test for determining alter ego applies. We remand for the application by the district court of the federal test in *United Ass'n of Journeymen & Apprentices Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1470-71, 1473 (9th Cir. 1995). The record before us indicates that Myriad Pictures is the alter ego of BTG Productions LLC and was a controlling party in the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Wiley Y. Daniel, United States District Judge for the U.S. District Court for Colorado, sitting by designation.

litigation.  To the extent that the district court may determine that an evidentiary hearing is required to resolve that question finally, it may conduct one.

2.      The district court did not err in finding that Writers Guild of America, West, Inc.'s motion to amend the judgment eight months after the order was timely.  *See Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998) (holding that the district court did not abuse its discretion by granting a motion to amend the judgment seven and a half months after the order).

**AFFIRMED in part, REVERSED in part and REMANDED.**